WADE *et al.* v. STATE.

(*Nashville,* December Term, 1950.)

Opinion filed January 13, 1951.

A. B. HUDDLESTON and C. L. CUMMINGS, both of Murfreesboro, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Gailor delivered the opinion of the court.

Defendants appeal from conviction of petit larceny and punishment of imprisonment in the penitentiary for not more than 2½ years. The subject matter of the alleged larceny was a wagonload of seed cotton, and the conviction was based entirely on circumstantial evidence. The defense presented is an alibi and denial by the defendants that they were implicated in the larceny.

Since we find it necessary to reverse and remand the cause for error in the selection of the jury, we refrain from further discussion of the evidence. Trial juries are selected in Rutherford County under the provisions of Chapter 334 of the Private Acts of 1909. That Act is in familiar form and provides for a jury commission; placing by them in a jury box of suitable names for prospective jurors; and in Section 7, provides: ''That whenever the Judge is satisfied that in any case a jury cannot be obtained from the regular panel, or is satisfied that the business of the court will probably demand more jurors than are in attendance in Court, . . . the Sheriff shall summons such other men *as may be designated by the presiding Judge* until the jury is complete . . ..'' (Italics ours.)

In the present case, after ten names of prospective jurors had been drawn from the box, the Trial Judge declared an emergency and directed the Sheriff to summon others for service on the jury. The Sheriff did so, and thereafter, a panel of 36 prospective jurors was tendered the defendants.

Attorneys for the defendants immediately filed a written motion challenging the array on three grounds, namely,—

"(1) Said panel or list of jurors, or venire, was not drawn from the jury box, summoned or made up in accordance with law, particularly Private Acts of Tennessee, 1909, Chapter 334, which is the jury law applicable to Rutherford County, Tennessee, only twelve (12) of the prospective jurors or veniremen having been drawn from such jury box and summoned by the Sheriff, and the remaining twenty-four (24) of such prospective jurors or veniremen not having been drawn from said jury box, notwithstanding such jury box had not been exhausted and still contained the names of numerous persons selected and placed as provided for by law, but were summoned at random by the Sheriff, upon the oral direction of the Court.

"(2) Even if an emergency, within the terms of Section 7 of the aforesaid Private Act was declared by the court to exist, said jury box was not exhausted as aforesaid, no order nor minute entry was made or entered in the case or on the minutes of the Court declaring such emergency, and the court did not furnish the Sheriff with additional names of persons to be summoned as prospective jurors or veniremen, and the twenty-four (24) prospective jurors or veniremen who were not drawn, as aforesaid, from said jury box and included in and appearing on the panel or list of jurors, or venire, tendered these defendants, were summoned at random by the Sheriff, upon his own initiative. Further, the trial court did not designate any of said twenty-four (24) persons as persons to be summoned for jury service in this case, and the Sheriff did not summon any of said twenty-four persons from among any persons so designated by the Court.

"(3) Earl McKnight, the Sheriff of Rutherford County, who summoned the prospective jurors or

veniremen in this case, is a brother to the prosecutor and witness, Steve McKnight, and is himself a witness to material facts in this case and he, himself, participated in an extensive investigation of this case.''

It was stipulated in open Court that the statements made in the motion were true, particularly that the summoning of additional jurors by the Sheriff had occurred as stated in the motion, and that the Sheriff was actively engaged in an investigation of the case, and was the brother of the man from whom the cotton, which was the subject of the larceny, had been stolen.

The Trial Judge overruled the motion filed and argued as stated, and then 12 jurors were selected from the panel of 36. Seven of these 12 jurors were from the number summoned by the Sheriff. By written motion the attorneys for the defendants again challenged these 12 jurors and moved their discharge. After hearing argument on this motion, the Trial Court disallowed and overruled the motion and the case proceeded to trial with the result stated.

Since Chapter 334 of the Private Acts of 1909 gives the Trial Judge no authority to permit the Sheriff to go at large in the county and select prospective jurors except such as have been designated by the presiding Judge, we think the Trial Judge should have sustained the challenge to the array.

Reversed and remanded.

All concur.